plaint, alleged that she had kept the money received by her from the defendant, and was ready and willing to pay the same to him upon the delivery of the deed revesting her with the title, and the decision and judgment protect the defendant in this regard. The suit is between the original parties, and the rights of third persons have not intervened to complicate the restoration of the parties to their former position; and we are satisfied that the disposition made of the case by the court below did no violence to the facts, and no injury to the litigants. The judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs. All concur.

(64 App. Div. 590.)

### DE GARMO v. PHELPS et al.

(Supreme Court, Appellate Division, Fourth Department. October 18, 1901.)

CHAMPERTOUS CONVEYANCE.
Where a sheriff, under a judgment in foreclosure, executes a deed to the mortgaged premises when they are in the actual possession of one who claims title thereto under a tax deed, the conveyance is void, under 1 Rev. St. p. 739, § 147, providing that every grant of land shall be void if at the time of the conveyance thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor.

Appeal from trial term, Livingston county.

Action by E. May De Garmo against George W. Phelps and Thomas Wilcox. Judgment for defendants, and plaintiff appeals. Affirmed.

The following is the opinion of NASH, J.

The complaint alleges title in fee in the premises in the plaintiff, and that the defendant George W. Phelps is in possession of the property unlawfully and withholds the same from the plaintiff; that the defendant Phelps claims the ownership under a deed of the premises given him by the county treasurer of Livingston county bearing date October 20, 1892, recorded in the clerk's office of that county October 24, 1892. The title of the plaintiff is alleged in the complaint to have been acquired by the purchase upon the foreclosure of a mortgage of the premises executed and delivered by Fred M. Inglehart to Annie E. Volger, bearing date May 22, 1893, recorded June 10, 1893; that Inglehart acquired his title by a conveyance made pursuant to a judgment of foreclosure and sale, from the sheriff of the county of Livingston, bearing date May 22, 1893, and recorded in Livingston county clerk's office June 9, 1893; that the mortgage from Inglehart to Volger was assigned by the latter on the 27th day of November, 1894, to the plaintiff, and subsequently foreclosed, and judgment of foreclosure and sale entered in said clerk's office March 18, 1897, and the premises sold therein upon the 8th day of May, 1897, and conveyed to the plaintiff, who has ever since claimed to be the owner in fee and entitled to the possession of the premises. The facts are as alleged in the complaint, and the case further shows that the defendant Phelps, by his tenant, the defendant Wilcox, was in possession of the premises at the time the premises were conveyed to Inglehart, holding adversely under his deed from the treasurer of Livingston county, and had been in possession of the premises, claiming title thereto under said deed, from the time it was given to him, in 1892. These facts bring the case directly within the inhibition of the statute which provides that every grant of lands shall be absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title

adverse to that of the grantor. 1 Rev. St. p. 739, § 147; Real Prop. Law (Laws 1896, c. 547) § 225. However defective the title under which the premises are held adversely may be, the statute is applicable. Sands v. Hughes, 53 N. Y. 287; Pearce v. Moore, 114 N. Y. 256, 21 N. E. 419. The opinion of Rapallo, J., in Sands v. Hughes, covers the case here precisely.

The point is made that "defendant is not in possession under claim of specific title," because the description of the premises in the deed to defendant Phelps "does not fit the premises described in the complaint." It is sufficient to say in reply to this suggestion that the complaint alleges that the defendant Phelps "is now in possession of said property [premises described in the complaint], and unlawfully withholds the same from this plaintiff"; that said Phelps claims to be the owner of the same under and in pursuance of a deed given him of said premises by the county treasurer of Livingston county, which said deed bears date October 20, 1892, and is recorded in the county clerk's office of Livingston county in Liber 125 of Deeds, at page 546, and was so recorded on the 24th day of October, 1893. The defendant's deed, however, sufficiently describes the premises of which he is alleged in the complaint to be in possession. The premises are described in the deed as a "house and two acres of land on the north side of Seward street, in the village of Nunda, bounded east and north by lands of J. Osgoodby estate, and west by land of Willard Wood." The premises are in fact a house and two acres of land bounded on the south by Seward street, on the east by lands of J. Osgoodby estate, and west by lands of Willard Wood. This would seem to be a sufficient description of the premises, even if the lane on the north did not belong to the J. Osgoodby estate, which does not clearly appear; there being no question as to the identity of the premises occupied by the defendant with those alleged in the complaint.

Without considering the case further, I am of the opinion that the complaint must be dismissed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Moses Shire and Thomas E. Boyd, for appellant.
John F. Connor, for respondent Phelps.

PER CURIAM. Judgment and order affirmed, with costs, on the opinion of NASH, J., delivered at trial term.

---

LOOMIS v. CITY OF LITTLE FALLS et al.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

1. MUNICIPAL CORPORATIONS — STREET IMPROVEMENTS — VALIDITY OF SPECIAL ASSESSMENT.

A city charter provided that no expenditure should be made for sewers, unless the council should first by resolution declare its intention to make the improvement; that the engineer should make a survey, and prepare a map and estimate, and file the same with the clerk, who should sign a notice specifying the time within which objections might be filed, which should not expire before the next regular meeting of the council, and should publish the same at least once in each of the official newspapers at least 10 days before the expiration of the time for filing objections; that, if no objections were filed, the council might order the improvement at any regular meeting. In a particular case the notice was prepared by the engineer, who signed the clerk's name to it without objection on his part. Such notice stated that the map, etc., would be on file on the day after its date, and it was published the first time on the day of its date, but again two days later in both papers. Objections were required to be filed before the date of an adjourned regular meeting of the council, and at such meeting, no objections having been filed,